In a case stated for the opinion of the Court, it was, among othei *29 things, agreed by the parties, that the defendant subscribed the policy ; that the plaintiffs were interested to the amount insured by them; that on the 30th of December, 1810, the ship sailed from Liverpool, bound to Savannah, and laden with the produce and manufactures of Great Britain; that she arrived at Tyhee bar, off' Savannah River, on the 25th of February following, where the master learned that the non-importation act, so called, was in force, and that all vessels arriving in the United States * from Great Britain and her dependencies, laden with [ * 22 J goods and merchandise such as the said cargo, were liable to seizure and confiscation. Whereupon the master, to prevent such seizure, &c., and the loss of the vessel and cargo to the owners thereof, and for no other cause, bore away for Amelia Island, in the Spanish dominions, being the nearest port of safety without the United States, where he arrived on the 4th day of March following, and after remaining there some time, and having learned that the said vessel and cargo might safely enter the waters of the United States, returned to Savannah. The master, on his arrival at Savannah, filed a claim in the Admiralty for his extra services in going to Amelia Island, which claim the district judge allowed, and, in the nature of general average, assessed his extra compensation upon tiie ship, freight, and cargo. The property of the plaintiffs, intended to be insured by the policy in question, was a quantity of cotton bagging, which, in the course of the voyage, and before the arrival of the vessel at Savannah, was much damaged.
Selfridge for the plaintiffs.
The departure from Tyhee bar was intended for the benefit of all concerned, and for the preservation of the ship and cargo, and is, therefore, within the policy.
In cases of departure from the direct course * of the [ * 23 ] voyage, not induced by force or physical necessity, the principle on which the decision ought always to be made is the *30 fairness of the motive. (1) The case at bar is not different from that of a blockade, previously unknown to either party; the master may avoid a port of destination blockaded, without affecting the insurance.
*29 If the Court should be of opinion that the departure of the said vessel from Tyhee bar, and going to Amelia Island, as aforesaid, was such a deviation from the voyage insured, that the underwriters were not liable for the damages incurred on the said cotton bagging, the plaintiffs agreed to become nonsuit, and that the defendant should recover his costs. But if the Court should be of opinion that the voyage to Amelia Island, under the circumstances aforesaid, was not such a deviation as would discharge the underwriters from the .payment of the loss sustained as aforesaid, then the defendant agreed to be defaulted, and that the Court should appoint one or more assessors to estimate the damages, and judgment to be entered according to their report., and for costs.
Livermore for the defendant.
This was a voluntary deviation, to avoid a peril not insured against. Had the ship gone to Savannah, she, with her cargo, would have been seised and condemned; but the underwriters would not have been chargeable with the loss. No insurance against the laws of our own country can bind the underwriters. (2) And the Court being of this opinion, the plaintiffs were nonsuit, (a)
ADDITIONAL NOTE.
[See Groussett vs. Sea Ins. Co., 24 Wend. 209.— Lander vs. Clark, 1 Hall, 355.— Hand vs. Baynes, 4 Whart. 204. — Deblois vs. Ocean, &c., 16 Rick. 303. — Davis vs. Garrett, 4 M. Hp P. 540. — Bottomley vs. Bovill, 5 B. & C. 210.
Insurance upon a vessel, “ at and from Boston to all ports and places on the globe, and until her return to Boston, not exceeding two years." — Held, her destination to Boston did not absolutely require that she should actually sail to that port, but, at any time before arriving there, she might make for another port. — Ellery vs. N. E. Ins. Co., 8 Pick. 14. Held, that putting into Salem was no deviation; nor visiting one port more than once. — Bid. — F. H.]