# Stroop, *against* Gross.
# Ickes *against* Smith.

Bail for a stay of execution may be taken by the prothonotary, and perfected afterwards by the approval of the court or a judge. The approval is for the benefit of the creditor, and he may waive the necessity of it, either expressly or impliedly; but neither the debtor nor the bail can take advantage of the want of it.

A notice requiring the defendant to plead is tantamount to a notice of a rule to plead, under the rules of court.

ERROR to the Common Pleas of *Perry* county.

Daniel Gross, executor of Alexander Gross, who was the guardian of the minor children of William Ogle, deceased, and now for the use of Jacob Steel, guardian of said minors, against George Stroop and Samuel Creigh.

This was a *scire facias* against the plaintiffs in error, as absolute bail of John D. Creigh, in a judgment at the suit of the defendants in error.

The *scire facias* recites a judgment of defendant in error against John D. Creigh, at August Term 1838, for $511.47 debt, and $7.30 costs; and a recognizance entered into by plaintiffs in error, on 31st of January 1839, before John Boden, prothonotary of the Court of Common Pleas, in $1022.94, with condition that John D.

Creigh should pay debt, interest, and costs, at the expiration of
twelve months from 1st Monday of August 1838; or, in default,
that they would pay.   The writ was served, and defendants ap-
peared by attorney.   Among the docket entries are the follow-
ing:—" August 22d 1840, Rule on defendant's attorney to plead
in twenty days or judgment:  September 28, 1840, on due proof
of service of notice, by copy, on defendant's attorney, on the 23d
of August 1840, judgment, according to rule."   The rule of court
is this: —" No. 67, on writs of *scire facias*, if duly served and de-
fendant appear, rules to plead, &c. may be had as in cases of
summons."   No. 57, " the plaintiff may, at any time after pro-
cess returned, enter a rule to plead, &c., of which he shall give a
written notice to the defendant, or his attorney; and if he fail to
comply within twenty days after the said notice shall have been
personally served, the prothonotary may enter judgment."   The
notice filed, is in these words, viz:

| | |
|---|---|
| Daniel A. Gross, executor of Abraham Gross, deceased, who was the guardian of Wm. Ogle, deceased, and now for the use of Jacob Steel, guardian of said children<br><br>    *v.*<br>Geo. Stroup and Saml. Creigh. | In the Common Pleas of Perry County—<br>No. 22, August Term 1840.<br>    In this case you are required to plead in twenty days or judg-ment.<br>(Signed)   JOSEPH CASEY,<br>        *Attorney for plff.* |

*August 22d,* 1840.

To S. ALEXANDER, ESQ.
        *Attorney for defts.*
Proof is endorsed, of service on S. Alexander, on 23d August.

The case of Ickes *against* Smith presented the same point, and
differed only in this particular, that the judgment was rendered
against the defendant upon the plea of *nul tiel record,* instead of
by default.

*Alexander,* for plaintiff in error, argued that the recognizance
was absolutely void, because it was not approved by the court or
a judge, in pursuance of the positive requisition of the Act of
Assembly of the 16th of June 1836, sec. 4.
    That the notice to plead was not in pursuance of the rule of
court, which requires notice of a *rule* to plead: this was a mere
requisition to plead, and not notice of a rule.   And the notice did
not correspond with the style of the suit on the record.

*Watts,* for defendant in error, replied that the approval of the
recognizance being for the benefit of the plaintiff, he might waive
it, which he impliedly did, by waiting the expiration of the time
when the stay of execution expired.   But can it be that the
bail who partakes in the default of his principal, can avail himself

[Stroop v. Gross.  Ickes v. Smith.]

of it as a defence, after he has procured for him all he desired ? Cited 3 *Whart* 70 ; 4 *Wash. C. C. Rep.* 621 ; 16 *Serg. & Rawle* 48 ; 14 *Mass.* 167 ; 9 *Cranch* 28.

There was a rule to plead entered, and the notice was sufficient that it had been entered : the defendant is " required to plead ;" he could only be required by a rule.

The opinion of the Court was delivered by

ROGERS, J.—I am inclined to think, that the 77th section of the Act of the 14th of April 1834, which enables prothonotaries and clerks of the several courts of the commonwealth to take bail in civil actions, *depending* in the respective courts, does not authorize them to take recognizances for stay of execution. This power is regulated by the Act of 1806, enlarged by the 4th section of the Act of the 16th of June 1836. It was the practice throughout the state for the prothonotary to take the security for the stay of execution, under the first act, although it is not expressly made their duty. The act of the 16th of June, in addition, requires that the security shall be approved by the court, or a judge thereof, but also omits to direct by whom the recognizance shall be taken; but I see no reason why we should alter the practice in that respect, to be perfected afterwards by the approval of the court, or by a judge. The approval of the court is intended for the benefit of the creditor, and when the defendant omits to have the security approved, he, the creditor, may treat the recognizance as a nullity, and have his execution, on the judgment, as in *Eichman* v. *Belvedere Bank.* 3 *Whart.* 70.

But the approbation of the court being designed for the advantage of the creditor, he may waive, either expressly or impliedly, by an acquiescence in the claim of the debtor to it, the benefit of the *cesset*. But this privilege is not extended to the debtor, for it would be against common justice that he should take advantage of a defect, which has arisen from his own default, after he has, by the forbearance or with the assent of the creditor, derived every benefit which would have resulted from a recognizance executed and approved with all the formalities required by the Act. Nor can we perceive that the bail who has identified himself with his principal, is in any better situation than the principal himself, whose duty it was to perfect the recognizance.

The judgment by default was rendered *secundum regulam*. The notice was substantially good, as the attorney on whom it was served could not have mistaken its object, or the suit in which the plea was demanded.

Judgment affirmed.