13 553
123 244

## PALMER *et als. v.* VANCE & MELVIN.

IN a bond given to release property seized on attachment, the obligors undertook to pay, on demand, to plaintiffs in the action, the amount of the judgment and costs, not to exceed three thousand dollars, which plaintiffs might recover. In the bond the action is recited as for one thousand six hundred dollars. Upon delivery of the bond the property was returned to the debtor. Plaintiffs in the action had judgment for an amount exceeding the penalty of the bond. *Held,* that recovery may be had on the bond to the extent of the penalty.

Such a bond is not a statutory undertaking, but is valid as a common law obligation.

The mistake in the recital, as to the amount for which attachment issued, may be explained and corrected by parol.

Execution against the judgment debtor, in such case, is not a condition precedent to suit on the bond.

A bond given voluntarily to the Sheriff, on delivery of the property, is valid at common law.

APPEAL from the Fourth District.

Demurrer to complaint.

The bond is as follows, to wit:

" In the Superior Court, City and County of San Francisco:

Chas. W. Crosby and Albert Dibblee *v.* A. T. Ladd and Frank D. Richardson.

*Whereas*, the above named plaintiffs have commenced an action in aforesaid Court against the above named defendants, for the recovery of one thousand nine hundred and seventy-six dollars and eight cents ; and, *whereas*, an attachment was duly issued and served, as will more fully appear by the Sheriff's return on the process in said cause.

Now, therefore, the undersigned, residents of the city and county of San Francisco, in consideration of the premises, and in consideration of the release from attachment of the property attached as above mentioned, do hereby jointly and severally undertake, in the sum of three thousand dollars, and promise to the effect that, if the plaintiff shall recover judgment in said action, we will pay to the plaintiff, upon demand, the amount of said judgment, together with the costs, not exceeding in all the said sum of three thousand dollars.

Dated at San Francisco, this the 5th day of March, 1855.

(Signed)                                        A. T. MELVIN,
(Signed)                                        R. H. VANCE."

" City and County of San Francisco, *ss.*:

A. T. Melvin and R. H. Vance, whose names are subscribed as the sureties to the above undertaking, being severally duly sworn, each, for himself, deposes and says : That he is worth double the sum in said undertaking specified as the penalty thereof, over and above all his debts and liabilities, exclusive of property exempt from execution.

(Signed)        .                        A. T. MELVIN,    [L. s.]
(Signed)                                R. H. VANCE.    [L. s.]

Subscribed and sworn to before me this 5th day of February, A. D. 1855.

[L. s.]   L. W. SLOAT, Notary Public."

*John Reynolds*, for Appellant.

1. The undertaking sued on is not good as a statutory undertaking, and the Sheriff had no authority, as Sheriff, to take the same, under the statute, after his levy had been made; and he acted as the agent of Crosby & Dibblee. (Prac. Act. Secs. 123, 125, 136, 137.)

2. The complaint shows that the only description of the action

in the Superior Court, against Ladd & Richardson, is by reference to the amount for which that action was brought, and this description did not correspond to the record introduced.

3. No breach was shown of the undertaking upon which this suit was brought.

4. This undertaking is to pay the debt of another. (*Low* v. *Adams*, 6 Cal. 277 ; Prac. Act. Secs. 120, 134 ; *Grant* v. *Naylor*, 4 Cranch, 224.)

5. No mistake can be shown in such a written undertaking. (*Grant* v. *Naylor*, 4 Cranch, 224 ; *State* v. *McGouveny*, 20 Ohio, 93.)

6. No parol proof can be given to vary or explain a written contract. (*Osborn* v. *Hendrickson*, 7 Cal. 282.)

*C. H. S. Williams*, for Respondent.

1. The reference in the undertaking to the sum for which judgment was claimed in the prayer of the complaint in the attachment suit, was unnecessary and immaterial. The description of the suit was sufficient and complete without it. The undertaking promised to pay, on demand, whatever sum should be recovered, not exceeding three thousand dollars. (*Dodges* v. *Potter*, 18 Barb. 201 ; *Pierce* v. *Parker*, 4 Met. 20 ; *Jackson* v. *Clark*, 7 John. 217 ; *Lamb* v. *Reston & Wife*, 5 Taunt. 207.)

2. No execution against the judgment debtor was requisite, because the undertaking was a positive agreement on the part of defendants that they would pay on demand, and the release of the property was sufficient consideration. (*Aud* v. *Magruder*, 10 Cal. 282.)

TERRY, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an action upon a bond given to release property attached.

It appears that suit was instituted by Crosby & Dibblee against Ladd & Richardson, for the sum of two thousand nine hundred and seventy-six dollars and eight cents, and an attachment issued which was levied on property of the debtors, sufficient to satisfy the debt.

In order to procure the release of the property attached, the

defendants executed the obligation sued on, by which they un-
dertook to pay on demand to the plaintiffs in the action the
amount of the judgment and costs, not to exceed three thousand
dollars, which plaintiffs might recover in such action; which is,
by mistake, described in the undertaking as a suit to recover
one thousand six hundred and seventy-six dollars and eight
cents.

Upon the execution and delivery of the bond, the property
attached was returned to the attachment debtor. Judgment
was recovered in the action for an amount greater than the pen-
alty of the bond, and this action is instituted by plaintiff, to
whom the bond was assigned, to recover the amount of the pen-
alty.

Judgment was rendered below for the plaintiff, and defendant,
Vance, appealed.

We are not able to discover any error in the record. The pa-
per sued on is not a statutory undertaking, but being founded
upon a sufficient consideration, is valid as a common law obliga-
tion for the payment of money. A bond taken by the Sheriff is
not void for want of conformity to the requirements of the stat-
ute, which, while prescribing one form of action, does not pro-
hibit others; and a bond given voluntarily upon the delivery of
property, is valid at common law. (*Whitsett* v. *Womack*, 8 Ala.
466.)

There was no error in permitting the mistake in the recital of
the bond—as to the amount for which the attachment issued—to
be explained and corrected by parol evidence.

In *Pierce* v. *Parker*, (4 Met. 84,) the Court say :

" It is a well settled principle of law, that where an instrument
which is offered to prove the subject matter described differs in
one or more particulars from the thing described, evidence is
admissible to show their agreement or identity, notwithstand-
ing such misdescription."

(See, also, 18 Barb. 201 ; 2 Parsons on Con. 67, 76.)

In the case of *Meredith* v. *O'Neale*, (10 Ala. 828,) the recital of
the bond sued on was erroneous, both as to the amount of the
execution and the names of the parties. Yet it was held that
these errors might be explained by parol evidence. The Court
said : " It is supposed, however, there is a variance between the

obligation and the legal proceedings, which is incapable of aid from parol proof, and which prevents it from having any effect. The supposed variance is the omission of the names of some of the defendants, in the recital of the execution, and the omission to conform to the terms named in the condition with it. Although these were sufficient to destroy the effect of the bond, as a strict compliance with the statute, they do not render it invalid. It is a strained and forced conclusion to say that, because the execution issued against Lunsford, it will be concluded that it issued against him alone. This might be correct as a *prima facie* intendment, but certainly is open to explanation. If we look to the contract evidenced by the bond, it will be seen the description of the execution is no part of it. The levy, and the redelivery of the cotton to the debtor, is the consideration, or inducement, for him and his sureties to undertake it shall be forthcoming at a particular time and place. The sum due on the execution is of no sort of importance, except for the purpose of ascertaining the damage which may flow from a breach of the condition. It would be a monstrous absurdity, that engagements of the most solemn nature might be avoided because of the misrecital of the facts, or circumstances, which induced them. It is a general proposition, that meets us everywhere, that the consideration, even when set out in a deed, may be explained by parol evidence. (Cowen & Hill's Notes, 1441.) Nor are decisions lacking on the precise point we are now considering. In *Hewlett* v. *Chamberlayne*, (1 Wash. 367,) the forthcoming bond omitted entirely to set out the amount of the execution, yet the Court held this to be no objection in an action of debt, although a motion for a summary judgment had been refused, because of the non-conformity of the bond to the execution. In *Stockton* v. *Turner*, (7 J. J. M. 192,) an injunction bond recited the judgment enjoined, as for two hundred and eighty dollars and fifty cents, when the true sum was two hundred and eighty-eight dollars and fifty cents, yet the Court sustained the bond, on the ground of an *estoppel*. It is said the recital of a particular fact in the condition of the bond, will estop the obligor from denying it. (Willes, 9.)

On the other hand, when the recitals do not constitute a part of the contract, it is said by Chief Justice Kent to be a settled

rule that even a mistake in the recital of a bond does not vitiate it, for it is no essential part of the bond. (*Talmadge* v. *Richmond*, 9 John. 85. See, also, *St. John* v. *Dagges*, Hob. 130 ; Coke Litt. 352, b ; *Wessinger* v. *Crook*, 7 Ala. 710.) In accordance with these principles, a bail-bond was held to be good, although the Christian names of both the plaintiffs were misstated in the bond, (*Colburn* v. *Downs*, 10 Mass. 21,) and a bastardy bond was sustained when the condition was to answer a complaint made in 1816, instead of 1833, when it was really made. (18 Pick. 257.)"

There is no force in the objection that execution is not shown to have issued against the judgment debtors. The undertaking of the defendants is not that the attachment debtor should pay the judgment, but a distinct and positive agreement that these defendants would pay the amount on demand. This agreement is shown to have been supported by a sufficient consideration, and there is no reason why they should not be held to a strict compliance with its terms.

Judgment affirmed.