15    389
18    443
5*    66

15    389
26    150

[No. 959.]

## PETER LIGHTLE, Respondent, v. F. BERNING ET AL., Appellants.

UNDERTAKING—STATUTE OF FRAUDS.—An undertaking, executed to the sheriff, and agreeing to satisfy any judgment that plaintiff in a certain action might recover, is not a "special promise to answer for the debt, default, or miscarriage of another."

IDEM—CONSIDERATION OF, NEED NOT BE EXPRESSED.—Such an undertaking is not void, because the consideration is not expressed therein.

OBJECTION—GROUND OF, MUST BE STATED.—The particular ground of an objection or exception taken to the admission of evidence must be stated.

FINDINGS SUSTAINED BY THE EVIDENCE.—Upon a review of the evidence: Held, sufficient to sustain the findings of the court, that the property mentioned was attached by the sheriff and taken into his possession and so kept until the undertaking sued on was delivered.

RELEASE OF ATTACHED PROPERTY—SUFFICIENT CONSIDERATION FOR UNDERTAKING.—The release of property from an attachment constitutes a sufficient consideration for the undertaking.

UNDERTAKING—TITLE OF COURT WHERE ACTION WAS PENDING.—The undertaking in this case did not state in what court the action mentioned was pending. The complaint averred the facts which were not denied in the answer: Held, that defendants were not injured by the admission of the undertaking in evidence.

COMMON LAW BOND.—*Held,* that the undertaking sued on is a valid common law obligation for the payment of money.

APPEAL from the District Court of the Second Judicial District, Douglas County.

The facts are stated in the opinion.

*R. M. Clarke,* for Appellants:

I. No attachment was ever levied. The sheriff was never in possession. There was no consideration to support the promise of the undertaking. (*Laveaga* v. *Wise,* 13 Nev. 296.)

II. The paper in suit is not an undertaking to release attached property. It is not so recited in the paper. It does not run to the plaintiff. It was not made upon the order of the court or judge discharging the attachment. (1 Comp. L. 1200, 1201.) It is a simple promise to pay to the sheriff a sum of money therein named, if Lightle should recover judgment against Smith; for what consideration, is not recited, and for what consideration, must appear from some other source than the instrument.

*Wells & Stewart,* also for Appellants:

The court erred in not allowing defendants to traverse the return of the sheriff, by oral testimony. (*Ritter* v. *Scannell,* 11 Cal. 238; *Mitchell* v. *Hackett,* 14 Id. 661; 6 Nev. 352; 21 Pick. 187; 6 N. H. 393; Drake on Attach. 210.)

*A. C. Ellis, and Moses Tebbs,* for Respondent:

The bond is not a statutory bond; but it may be recovered upon as a common law bond. (*Palmer* v. *Vance,* 13 Cal. 553; *Garretson* v. *Reeder,* 23 Iowa, 21; *Cook* v. *Boyd,* 16 B. Mon. 556; *Aud* v. *Magruder,* 10 Cal. 282.) Although the court, in which the action of *Lightle* v. *Smith* was pending, is not named in the bond, still this might have been explained by evidence, and was so explained and shown by the pleadings and proofs. (*Palmer* v. *Vance,* 13 Cal. 553.)

By the Court, LEONARD, J.:

Plaintiff recovered judgment against defendants upon the following undertaking, to wit:

"CARSON RIVER, Douglas County, Nevada.

"We, the undersigned, agree to pay to P. H. Roan, sheriff of said county, the sum of five hundred and eighty-two dollars and sixty-two cents ($582.62) to satisfy any judgment not exceeding that amount, in the case now pending of *Peter Lightle* v. *C. E. Smith*.     F. BERNING,

"September 16, 1875.     '     JOHN S. CHILDS."

Plaintiff is the assignee of Roan, the promisee named in the undertaking.

This appeal is taken from the judgment and from an order overruling defendant's motion for a new trial.

Upon the pleadings and evidence, the court found as facts, that "on or about September 15, 1875, P. H. Roan, mentioned in complaint as sheriff of and for said Douglas county, levied upon, took in possession, and had under his control, under and by virtue of the writ of attachment mentioned in plaintiff's complaint, thirty-three head of cattle and seven head of horses, belonging to C. E. Smith, defendant in said writ of attachment; that afterwards, and on said fifteenth day of September, 1875, said defendants herein, upon the consideration that said sheriff would relinquish his said attachment and return said property to the possession of said Smith, made and delivered to said sheriff the undertaking mentioned in said complaint; that upon receiving said undertaking, and in consideration thereof, said sheriff did relinquish the said attachment, and did return all of said property to the possession of said Smith, and accepted said undertaking; that on or about April 2, 1877, said sheriff, in consideration of his liability to said Peter Lightle, by reason of said attachment, and the surrender of said property, sold, assigned, transferred, and delivered said undertaking to this plaintiff; that plaintiff has never sold, assigned, or parted with the same, and that no part of said undertaking has been paid."

The answer admits that the case of *Lightle* v. *Smith* was commenced in the second judicial district court, in Douglas county, Nevada; that in said action plaintiff recovered judgment against defendant for five hundred and eighty-

four dollars and sixty-two cents, with interest and costs; that no portion has been paid, and that plaintiff, Lightle, caused execution to issue against the defendant, Smith, which was returned wholly unsatisfied, prior to the commencement of this action.

The answer denies that the sheriff, Roan, attached the property mentioned, or any part thereof, and alleges want of consideration to support the undertaking.

It is not claimed by counsel for defendants, that the contract or undertaking in question is within the statute of frauds—that is to say, that it is a "special promise to answer for the debt, default, or miscarriage of another," and from the following authorities it seems not to be so. (*Allen* v. *Thompson*, 10 N. H. 33; *Mercein* v. *Mack*, 10 Wend. 461; *Farley* v. *Cleveland*, 4 Cowen, 434; *Williams* v. *Leper*, 3 Burrow, 1886; *Barrell* v. *Trussell*, 4 Taunt. 116; *Randle* v. *Harris*, 6 Yerg. 508; *Slingerland* v. *Morse*, 7 Johns. 463; *Olmstead* v. *Greenley*, 18 Johns. 12; *Bampton* v. *Paulin*, 4 Bing. 264; *Packard* v. *Richardson*, 17 Mass. 127.)

We shall, therefore, treat the undertaking as one not affected by the statute of frauds. Such a contract must be supported by a sufficient consideration, but it need not be in writing, and it follows, of course, that the undertaking in question is not void because the consideration is not expressed therein.

The consideration alleged in the complaint is the same as that found by the court, above stated. It is claimed by appellants that the evidence does not support the findings, "because it does not appear therefrom, that the sheriff ever took the property claimed in the complaint to have been attached, into his possession." The sheriff's return upon the writ of attachment is, in substance, that he received the writ on the fifteenth day of September, 1875, and that, on the following day, he "levied upon, and took possession of, thirty-three head of cattle and six or seven head of horses and colts, being at the time of the levy in the possession of defendant; that defendant gave security by the undertaking of two sufficient sureties in an amount sufficient to satisfy the demand, and which undertaking he took." The return

of the sheriff, and the other papers and records, in the case of *Lightle* v. *Smith*, were offered and admitted in evidence, without any sufficient objection to their admission. No ground of objection or exception was stated. (*Sharon* v. *Minnock*, 6 Nev. 382.)

Roan, the sheriff, testified that he levied upon, and took into his possession, the horses and cattle mentioned in his return, the same having been at the time, upon Smith's ranch; that he drove the stock up together and counted the animals, and kept them in a bunch for three quarters of an hour; that he was in sight of them all the time from seven A. M., until three or four o'clock P. M.; that defendant, Childs, said he had a bill of sale of the property attached, and claimed it as his own; that Childs tried to drive the stock away, but he would not permit him to do so, until the undertaking in question was executed and delivered to him; that the undertaking was given in consideration of his surrender of the property attached, to Smith, and a release of the attachment, and that upon its execution he released the attachment and gave the property up to Smith.

There was no evidence contradicting Roan's testimony or his return. Defendant, Childs, testified that he told Roan, at the time of the levy, that the stock belonged to him; that he showed Roan a bill of sale of the animals, and that he had them in his possession; but there was not the slightest evidence tending to show that the sheriff's return was untrue, or that, when testifying, he did not state the exact truth. The court's finding that the property mentioned was attached by the sheriff, and by him taken in possession, and so kept until the undertaking was delivered, is amply supported by the evidence, and the release thereof was a sufficient consideration for the contract entered into by the defendants. (See authorities above cited.)

It is further urged, that the court erred in admitting in evidence the undertaking sued on, for the reasons that it does not show any consideration, and it does not appear therefrom in what court the case of *Lightle* v. *Smith* was pending. The first reason given has been sufficiently considered. It was not necessary to insert the consideration.

As to the second reason, it is enough to say that it was alleged in the complaint, and not denied in the answer, that the case of *Lightle* v. *Smith* was brought, and judgment obtained in the district court of the second judicial district in Douglas county, in this state. The execution and delivery of the undertaking and its assignment to plaintiff were admitted.

There was, therefore, no necessity of introducing the undertaking in evidence, but there was no error in admitting it, and certainly, in consideration of their admissions just mentioned, defendants could not have been injured thereby.

It is said the court erred in not allowing defendants to traverse, by oral testimony, the sheriff's return.

The statement does not show, either, that defendants offered to do so, or that they were denied that privilege, except in the assignment of errors, where, it is said, the court erred, as above stated. But even there it does not appear that an exception was taken to the court's ruling, if it was as claimed.

The paper sued on is not a statutory undertaking for the release of attached property, but it is a valid common law obligation for the payment of money. "A bond taken by the sheriff is not void for want of conformity to the requirements of the statute, which, while prescribing one form of action, does not prohibit others; and a bond given voluntarily upon the delivery of property, is valid at common law." (*Palmer* v. *Vance*, 13 Cal. 556; *Garretson* v. *Reeder*, 23 Iowa, 24; *Cook* v. *Boyd*, 16 B. Mon. 559.)

The record discloses no error, and the order and judgment appealed from are affirmed.