# Wright *versus* Keyes

In a foreign attachment proceeding by A. against B., B. and one C. gave to A. a bond conditioned to be void on payment by B. to A. of the debt and costs that might be recovered by A. in said proceeding, which bond, while purporting in form and substance to be a recognizance to procure the dissolution of the attachment, was simply acknowledged by C. before a justice of the peace and then filed in the office of the prothonotary :

*Held,* That while void as a statutory recognizance, it was valid as a bond at common law, and B. having failed to pay A. the amount of debt and costs, for which A. recovered judgment in the foreign attachment, A. could recover on said bond against C.


May 11th 1883. Before Mercur, C. J., Gordon, Paxson, Trunkey and Green, JJ. Sterrett and Clark, JJ., absent.

Error to the court of Common Pleas of *McKean county :* Of January Term 1883, No. 287.

Debt, by D. M. Wright against S. S. Moses and D. J. Keyes on a bond in the penal sum of one thousand dollars given by said defendants to D. M. Wright under the following circumstances :

In February 1877, D. M. Wright issued a writ of foreign attachment against S. S. Moses, requiring bail in the sum of $1,000. The attachment was served by attaching a quantity of hemlock timber then lying in the Allegheny river. On March 14th 1877, D. J. Keyes and S. S. Moses, executed the following instrument in writing :

" D. M. Wright　　⎫　In the Court of Common Pleas of
　　　*v.*　　　　　⎬　McKean county, of February Term
　S. S. Moses.　　⎭　1877, No. 179.

Foreign attachment in debt $1,000. McKean county, ss.

" We, S. S. Moses, the above defendant, and D. J. Keyes, of the county of McKean, severally acknowledge ourselves to be indebted to the said D. M. Wright in the sum of one thousand dollars, to be levied of our goods and chattels, lands and tenements, respectively, and to be void on the condition that the said S. S. Moses shall pay to the said D. M. Wright the debt or

[Wright *v.* Keyes.]

damages, interest and costs that may be recovered against him in said foreign attachment.

Taken and acknowledged March — A. D. 1877.
                                        S. S. Moses, [L. S.]
                                        D. J. Keyes, [L. S.]"

This was acknowledged by D. J. Keyes before a justice of the peace as follows :

" State of Pennsylvania, County of McKean, ss :

Personally appeared before me, C. C. Moses, a legally commissioned justice of the peace in and for said county, D. J. Keyes of said county, who acknowledged the above to be his signature, who also swears that he is worth the full and true sum of one thousand dollars over and above his just debts and amount exempted by laws of Pennsylvania from levy and sale on execution.

" Sworn and subscribed before me this 14th day of March A. D. 1877.                                        D. J. Keyes.
          C. C. Moses, Justice of the Peace, [L. S.]"

Both the bond and the acknowledgment were filed of record in the court of common pleas of McKean county. On the execution of this bond, the sheriff permitted the defendant to raft his lumber to Pittsburgh, and there sell it.

On November 19th 1878, the plaintiff in the foreign attachment obtained judgment against S. S. Moses for $715.75, and issued execution thereon, which was returned nulla bona. He then commenced this action of debt on the aforesaid bond against S. S. Moses and D. J. Keyes. The former was not served, and Keyes pleaded nil debet, with leave.

On the trial, Keyes contended that there could be no recovery on the bond ; it being in form a recognizance, and not having been approved or taken by the proper court, but by a justice of the peace it failed to meet the statutory requirements of such a recognizance, and was therefore void. The court (WILLIAMS, P. J.) sustained this contention, and instructed the jury to find a verdict for the defendant.

Verdict accordingly for the defendant, and judgment thereon. The plaintiff took this writ of error, assigning for error the instruction of the court to find for the defendant.

*Backus* (*Gorton* with him), for the plaintiff in error.—This obligation was not taken and approved by the justice. Such is not our contention. We concede that for him to do so would be ultra vires. We claim, however, that he acted as witness to its execution, and the said bond being found of record in the proper place and filed by the prothonotary, and in substance and form as directed by the Act of March 20th 1845, § 2, the official approval of said bond by the proper official is to be pre-

[Wright v. Keyes.]

sumed in the absence of evidence to the contrary : Musselman v. Commonwealth, 7 Barr 240 ; Farmers' Bank v. Boyer, 16 S. & R. 48. But should the court refuse to acknowledge its validity as a statutory recognizance, we still claim to recover upon it as a common law obligation : Lacaze v. Commonwealth, Add. 72 ; Claasen v. Shaw, 5 Watts 472 ; Koons v. Seward, 8 Watts 388.

*Hamlin & Son*, for the defendant in error.—The acknowledgment of this recognizance by a justice of the peace is a nullity. He had no power to take it, and, as it does not appear that it was ever taken and approved by a court of competent jurisdiction, it is invalid as a statutory recognizance. Nor does it create any obligation at common law. On its face it shows that it was never completed or made ready for delivery. It was held, in the case of President of Orphans' Court v. Groff, 14 S. & R. 181, that a recognizance entered into before a court which has not jurisdiction over the subject matter is void ; and that suit having been brought on it by the recognizees, " they cannot now be permitted to turn round and sustain themselves by alleging that it is a stipulation and not a recognizance."

Mr. Justice Trunkey delivered the opinion of the court, October 1st 1883.

An action commenced by writ of foreign attachment, issued February 10th 1877, was pending, wherein D. M. Wright was plaintiff and S. S. Moses defendant. In the next month said defendant and D. J. Keyes, by an instrument signed and sealed, acknowledged themselves to be indebted to said D. M. Wright in the sum of $1,000, to be void on the condition that said defendant shall pay to said Wright the debt or damages, interest and cost that may be recovered against him in said foreign attachment. On the 14th of March, before a justice of the peace, Keyes acknowledged his signature and made affidavit that he was worth $1,000 ; the next day the bond was filed with the record in the attachment suit. That suit was duly prosecuted to trial, and judgment was recovered against the defendant, who has failed to pay it. When Keyes executed the writing he did so at the request of Moses, the principal, and said Moses, or the magistrate, took and handed it to the sheriff.

That this instrument, on its face, is a complete bond, in a penal sum, conditioned to be void in case the principal obligor should pay to the obligee such sum as should be recovered in a specified suit, is too plain for argument. What difference can it make if it is in the form of a recognizance to procure the dissolution of a foreign attachment? It is concise and easily understood. If it be presumed that it was drawn and

[Wright *v.* Keyes.]

executed for the purpose of such dissolution, what is there in the facts of this case to relieve the surety? His undertaking is absolute for payment of the debt upon the defendant's default; it would neither have been more nor less had he made it a debt of record, instead of an obligation under his hand and seal. Had it been a debt of record, under the terms of the statute relating to dissolution of foreign attachment, the defendant could have enforced the dissolution. He gave his bond, and if the property was released without objection by the plaintiff, there is no equity in his favor. But there is no evidence that the bond was given for the purpose of securing a dissolution or release of the property—evidence of that was excluded, as well as evidence that the property was released—and rightly, for the plaintiff offered to make the proof. He had no such burden in the first instance. If the bond is prima facie valid, the burden of establishing a defence rests on the defendant.

The plaintiff has not contended that a justice of the peace can take a bond in foreign attachment, but he contends that a mere voluntary affidavit by one of the obligers, in which he acknowledges his signature and states what his property is worth, may as well be made before a justice of the peace as any other officer. Such act has not the slightest effect upon the nature of the obligation. It would seem that the proof of delivery of the bond was ample. The surety sealed it, left it with the principal or in his control, without a word that anything farther was to be done to make it binding, and the obligee had right to infer that it was in the principal's control for delivery.

No statute or rule of law has been cited prohibiting the taking of security for a debt in which a suit is pending, whether commenced by foreign attachment or otherwise. It is one thing to compel a plaintiff to take security—to effect that, the law providing for such compulsion must be complied with; it is another thing for a plaintiff to accept a security which is not in accord with the law that permits a defendant of right to enter security. A statute authorized a constable who had levied an execution to take a certain bond from the defendant, the constable took a bond which differed in form and substance from the bond described in the Act, and was therefore void as a statutory obligation; it was held good at common law: Claasen *v.* Shaw, 5 Watts 468. Where, upon a capias, the statute prohibited the constable receiving a bond or obligation, a stranger to the writ gave the constable a writing in these words: " I agree that Joseph Watson shall answer the within capias on Saturday the 25th at one o'clock P.M., if not, I will pay the debt and costs of the within," it was held that the obligation was valid if given to the plaintiff in the capias. The name of

the obligee was not in the writing, and it was ruled that the jury might determine whether the plaintiff was intended: Koons *v.* Seward, 8 Watts 388. See Respublica *v.* Le Caze, 1 Yeates 55.

Where a defendant is entitled to stay of execution upon entering security duly approved, if the security be not approved as the law directs, the creditor may treat the recognizance as a nullity; but the creditor may expressly or impliedly acquiesce in the claim of the debtor for the stay, and after its expiration recover upon the recognizance: Stroop *v.* Gross, 1 W. & S. 139.

We are of opinion that the bond was valid at common law, and that, upon the evidence as it stood, the plaintiff was entitled to recover.

Judgment reversed and venire facias de novo awarded.