WOODWARD V. BINGHAM.

No. 346.    Opinion Filed January 11, 1910.

(106 Pac. 843.)

1.    ATTACHMENT—Redelivery Bond—Validity. The omission of a description of the property attached from the space provided for its insertion in a forthcoming bond in attachment held, under the circumstances of this case, not to vitiate the bond.

2.    SAME. A forthcoming bond in attachment running to the officer will be held good as a common law bond, though it does not conform to the statute, if it does not contravene public policy or violate the law.

3.    APPEAL AND ERROR—Harmless Error. The court, in every stage of action, must disregard any error or defect in the pleading or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.

(Syllabus by the Court.)

*Appeal from District Court, Caddo County; Frank M. Bailey, Judge.*

Action by Lyon K. Bingham against Thomas F. Woodward. Judgment for plaintiff, and defendant brings error. Affirmed.

*Dyke Ballinger* and *John S. Maxwell,* for plaintiff in error.— Citing: 13 A. & E. Enc. L. 1135, note 3, and 1138; *Gilbert v. Anthony,* 24 Am. Dec. 439; *Williams v. Crutcher,* 35 Am. Dec. 422; *Phelps v. Case,* 47 Am. Dec. 327; *Railway Co. v. Lake,* 32 N. E. 590; *Lehman v. Broussard,* 12 South. 504; *Miller v. Stewart,* 6 L. Ed. (U. S.) 189-195; *U. S. v. Am. Bond & Trust Co.,* 89 Fed. 925-929.

*A. J. Morris,* for defendant in error.—Citing: *Waterman v. Frank,* 21 Mo. 108; *Selmes v. Smith,* 21 Mo. 526; *Hall v. Wadsworth,* 35 W. Va. 375; *Jones v. Railway Co.,* 5 How. (Miss.) 407; *Walker v. McDonnell,* 43 Am. Dec. 476; *Bowden v. Taylor,* 81 Ga. 199; *Scanlin v. O'Brien,* 21 Minn. 434; *Shaw v. Tobias,* 3 N. Y. 188; *Garresson v. Reeder,* 23 Iowa, 21; *Bunneman v.*

*Wagner,* 16 Ore. 433; *Jones v. Hays,* 27 Tex. 1; *Johnson v. Weatherwax,* 9 Kan. 75; *Wright v. Keys,* 103 Pa. St. 567; *Lightle v. Berning,* 15 Nev. 389; *Palmer v. Vance & Melvin,* 13 Cal. 553.

KANE, C. J. This was an action on a bond, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the recovery of the sum of $1,000. The case was tried to a jury, which returned a verdict in favor of the plaintiff, upon which verdict judgment was duly rendered. To reverse this judgment this proceeding in error was commenced in this court.

The bond sued upon is in words and figures as follows:

"Territory of Oklahoma, County of Caddo—ss.: L. K. Bingham, Pltf., vs. F. Weatherspoon, Defndt. J. H. Tuttle and P. S. Weatherspoon, Interpleaders. In the Probate Court within and for the County of Caddo·in the Territory of Oklahoma. The following described property, to wit: ......................, having been attached in said action in the hands of F. Weatherspoon & J. H. Tuttle & P. S. Weatherspoon, defendant, by L. K. Bingham, said plaintiff, on an order of said court dated November 4, 1901, and now delivered to said J. H. Tuttle and P. S. Weatherspoon, defendant, we bind ourselves to said plaintiff in the sum of two thousand dollars that such property shall be properly kept and taken care of and shall be delivered to the sheriff or constable on demand, or so much thereof as shall be required to be sold on execution to satisfy any judgment which may be recovered against him in said action, or that he will pay the appraised value of the property, not exceeding the amount of the judgment and costs. Tuttle & Weatherspoon, by J. H. Tuttle. [Seal.] Frank Weatherspoon. [Seal.] T. F. Woodward. [Seal.] J. A. McCampbell. [Seal.] Executed in my presence, and approved by me, this 6th day of Dec., 1901. Frank Smith, Sheriff, by J. A. Burchett, Deputy."

The first substantial question raised by counsel for plaintiff in error is that the bond was void for the reason that the blank space provided for a description of the property attached was left blank. In this we cannot agree with counsel. This bond is not drawn under section 5710 of the Compiled Laws of Oklahoma of 1909, which provides for the delivery of property attached to the person in whose possession it was found, upon execution by such

person in the presence of the sheriff of an undertaking to the plaintiff, with one or more sufficient sureties resident in the county, to the effect that the parties to the same are bound, in double the appraised value thereof, that the property, or its appraised value in money, shall be forthcoming to answer the judgment of the court, or section 5740, which provides that if the defendant, or other person on his behalf, at any time before judgment, cause an undertaking to be executed to the plaintiff, by one or more sureties, to be approved by the court, in double the amount of the plaintiff's claim as stated in his affidavit, to the effect that the defendant shall perform the judgment of the court.    The foregoing being the only sections of the statute providing for the execution of bonds, if the bond given in this is held to be valid, it must be upon the theory that it is a good common-law undertaking. This is the contention of counsel for defendant in error.    The rule invoked by counsel for plaintiff in error, to wit, that "a bond executed in blank as to any material part thereof is void," is as applicable to a common-law as to a statutory obligation. "It is a well-settled rule of the common law that a deed delivered in blank is no deed." *Williams v. Crutcher,* 5 How. (Miss.) 71, 35 Am. Dec. 422. Conceding for the present that this bond is a good common-law bond, the question is:   Was it executed in blank as to any material part?

The form of the bond was adopted by the parties by agreement, and it obviously contemplates that it should contain a description of the property attached.   There is a blank space provided for this purpose, and the context clearly indicates where this description should be inserted.   The recital of a description of property attached is not ordinarily necessary to the validity of a forthcoming bond.   Forthcoming bonds wherein there is no description of the property redelivered have been held sufficient in *Wright v. Keyes,* 103 Pa. 567, *Lightle v. Berning et al.,* 15 Nev. 389, and *Palmer et al. v. Vance & Melvin,* 13 Cal. 553.   In the case of *Meredith v. Richardson et al.,* 10 Ala. 828, the recital in the bond sued on was erroneous as to the amount of the execution and the names of the parties, yet it was held that these errors might be explained

by parol evidence. It seems to be a well-settled rule that, when the recitals do not constitute a part of the contract, even a mistake in the recital of the bond does not vitiate it; for it is not an essential part of the bond. *Tallmadge v. Richmond*, 9 Johns (N. Y.) 85. If we look to the proceedings under which the bond is entitled, it will be seen that the redelivery of certain property attached is the consideration or inducement for the defendant and his sureties to undertake "that such property shall be properly kept and taken care of and shall be delivered to the sheriff or constable on demand, or so much thereof as shall be required to be sold on execution to satisfy any judgment which may be recovered against him (the defendant) in said action, or that he will pay the appraised value of the property, not exceeding the amount of the judgment and costs." It would be a strained construction of this obligation to hold that it may be avoided because of the failure to insert a description of the property attached in a blank space provided for that purpose, when the recitals in the body of the bond leave no doubt that the property that the sureties undertake to deliver to the sheriff is the same property attached in the proceeding, the title of which appears at the head of the bond.

We are of the opinion that, whilst the instrument sued on is not a statutory undertaking, yet, being founded upon a sufficient consideration and given voluntarily upon the redelivery of the property attached, it is valid as a common-law bond. The rule seems to be, as stated by Mr. Justice Brewer in *Johnson v. Weatherwax*, 9 Kan. 75: "It is good as such, unless it contravene public policy, or violate a statute."

There are other errors assigned, complaining of alleged defects in the pleadings and proceedings at the trial; but after a careful review of the record, we are convinced that, if the rulings are erroneous at all, they do not affect the substantial rights of the adverse party.

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect." (Section

4344, Wilson's Rev. & Ann. St. 1903; *Mullen v. Thaxton,* 24 Okla. 643, 104 Pac. 359.)

The judgment of the court below is accordingly affirmed.

All the Justices concur.