## CARR et al. v. WEWOKA OIL & GAS CO.

No. 11338—Opinion Filed April 29, 1924.

Rehearing Denied Oct. 7, 1924.

1. **Mechanics' Liens—Common-Law Bond to Discharge—Validity.**

In an action brought to foreclose a mechanic's or materialman's lien, the parties voluntarily entered into an indemnity agreement which discharged said lien. Held, said obligation, although not authorized by statute. is valid as a common law bond.

2. **Attorney and Client—Bonds—Attorney as Surety—Statute—Validity of Bonds to Discharge Mechanic's Lien.**

Section 256. Revised Laws 1910, prohibits an attorney from signing any bond as surety in any civil or criminal action in which he may be employed as counselor, pending or about to be commenced in any of the courts of this state.

Held, this section refers to statutory bonds, such as appeal bonds, supersedeas bonds, or the like, and does not apply to a common law agreement or indemnity not provided for by statute.

Held, further, execution by attorney of agreement of indemnity to discharge mechanic's lien (prior to enactment of Session Laws 1919, agreement having been executed August 12, 1915) does not vitiate said obligation and the same is enforceable.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Seminole County; J. W. Bolen, Judge.

Action by O. A. Carr and another against Wewoka Oil & Gas Company and others. Judgment for defendant. Plaintiffs appeal Reversed.

Robertson, Bailey, Roach & Bailey and Pryor & Stokes, for plaintiffs in error.

James S. Cobb, for defendants in error.

Opinion by LYONS, C. This is an appeal from a judgment of the district court of Seminole county. An action was brought to enforce the liability of a certain indemnity agreement given to discharge a mechanic's or materialman's lien. It appears that the indemnity agreement which is the basis of this action, was given after the parties in this action had filed a suit in the district

court of Seminole county, Okla., for the purpose of foreclosing a mechanic's or materialman's lien against the Wewoka Oil & Gas Company.

During the pendency of the said suit and on the 12th day of August, 1915, the bond or indemnity agreement, which is the basis of this action, was executed for the purpose of indemnifying the plaintiffs and securing any judgment they might obtain in said cause against the defendant Wewoka Oil & Gas Company, and for the further purpose of releasing the property of the Wewoka Oil & Gas Company from the lien which had been fastened upon it by the above proceedings and which was in process of foreclosure. The bond was filed in the office of the court clerk, approved by that official, and bears the following indorsement: "This bond accepted and it is agreed that same shall discharge the lien referred to herein." This indorsement is signed by the attorneys for the plaintiff. It was the theory of all of the parties that this bond released the property of the Wewoka Oil & Gas Company, defendant herein, from the force and effect of the mechanic's or materialman's lien, and discharged it from the operation of the proceedings brought to foreclose said lien. It is plain, therefore, that the Wewoka Oil & Gas Company and the defendants in this action who executed said bond as surety, received a substantial benefit by reason of the giving of said bond, or indemnity agreement, and that the materialman's lienholders (plaintiffs herein) suffered a substantial detriment and changed their position by accepting the bond and discharging the lien.

It is proper at this point to state that the bond or indemnity agreement, although filed in the office of the clerk, and approved by him, was not given pursuant to any procedure provided by statute. A statutory proceeding of this character was provided prior to the going into effect of the Revised Laws of 1910, but the statute making such provision was specifically omitted from the Revised Laws of 1910, and no such statutory procedure was in force at the date of the giving of the bond or indemnity agreement, under consideration (August 12, 1915). See section 7465, Comp. Stat. 1921, Session Laws 1919, page 367, section 3, which provides statutory procedure for discharge of mechanic's lien. It is our conclusion, therefore, that the bond or indemnity agreement was a common law bond, and that it is valid if it does not contravene public policy or violate the law, Woodward v. Bingham, 25 Okla. 400, 106 Pac. 843.

It remains, therefore, to determine whether this bond contravenes public policy or violates the law. The lower court held that because said agreement was signed by T. S. Cobb as surety, he being attorney for defendants and the action brought to enforce the materialman's lien, that the bond is wholly void and unenforceable. The finding of the lower court is as follows:

"The court finds that the plaintiff had sued certain parties as defendants for the recovery of money judgment and to foreclose a mechanic's lien in the district court of said county and state, same being No. 3072, and that foreclosure proceedings tied up the property involved in said case; that while said cause was pending a bond was given by the defendants and filed in said cause No. 3072, and that said property was released; that T. S. Cobb a licensed and practicing attorney of this state, was one of the attorneys for defendants in said case No. 3072, and at the time said bond was signed by him and others as sureties, he was representing said defendants in said cause No. 3072; that said bond was given by agreement of the parties, filed and approved by the court clerk in said case No. 3072."

The applicable section of the statute is section 256, Rev. Laws 1910, and is as follows:

"Licensed attorneys of this state are prohibited from signing any bonds as surety in any civil or criminal action in which they may be employed as counselors, pending or about to be commenced in any of the courts of this state, or before any justice of the peace. All such bonds shall be absolutely void, and no penalty can be recovered of the attorney signing the same."

In the case of Schafer v. Troutwein, 36 Okla. 653, 129 Pac. 696, this court held:

"An appeal bond signed by a licensed attorney who was employed in the trial of the case, by virtue of section 273, Comp. Laws 1909 (section 256, Revised Laws 1910), is absolutely void."

It will be noted that in the foregoing case the bond under consideration was an appeal bond given in pursuance of the statutes.

In the instant case the indemnity agreement is a mere common law bond to discharge property from a lien or judgment. Is the bond under consideration within the range of the statute above set forth? We do not think so. The bond appears to be an indemnity for the release of certain property from a lien. A similar bond could be given in an action for the foreclosure of a mortgage by agreement of the parties. The lien in this case was released by agreement of the parties and not by operation of law. We think, therefore, that an indemnity agreement of this character does not stand on the same footing with a supersedeas

bond, a bond to release an attachment, an appeal bond, or the other statutory proceedings of bail or recognizance. The Oklahoma statute prohibiting an attorney from becoming surety on bonds is probably more drastic than that of any other state. A bond within the inhibition of such statute is declared by the terms thereof to be absolutely void. We think, therefore, that the scope of the statute should not be enlarged by construction. See Meyer v. Delaware Railroad Construction Company, 25 L. Ed. (U. S.) 593. We conclude that the indemnity agreement in this case is a good common law bond; that it is not contrary to public policy or to law, and that the same should therefore be enforced.

A further question which is suggested in this suit is whether a bond executed by an attorney of record as surety in contravention of section 256, Revised Laws of Oklahoma 1910, merely defeats the obligation as to said single surety, or whether such defect renders the entire obligation void. It is not necessary for us to determine this question and we do not determine it for the reason that we specifically hold that the common law bond or indemnity agreement, which is the basis of this action, does not come within the operation of section 256, Rev. Laws 1910. We are convinced that said statute refers only to statutory bonds given in a civil or a criminal proceeding and not to an indemnity voluntarily entered into by parties for their own purposes.

The judgment of the lower court is reversed, with instructions to grant a new trial and proceed in conformity with the views herein expressed.

By the Court: It is so ordered.