(42 App. Div. 152.)

### ISAACS et al. v. CALDER.

(Supreme Court, Appellate Division, First Department. June 30, 1899.)

1. MATTERS REVIEWABLE ON APPEAL—NOTICE OF APPEAL.

On appeal from an order adjudging a person in contempt for failure to appear for examination in supplementary proceedings, the appellant cannot urge errors in the trial wherein the judgment sought to be enforced was rendered, though the notice of the appeal is from the order adjudging her in contempt and "all other proceedings herein."

2. CONTEMPT—FINE—PROOF OF DAMAGES.

Where a debtor in supplementary proceedings refused to appear for examination under an order of the court, a fine of less than $250, though equal to the judgment and costs, is authorized, without proof of actual damages, under Code Civ. Proc. § 2284, which provides that, if any actual loss has been caused in a special proceeding by reason of the misconduct of the offender, a fine sufficient to indemnify the aggrieved party may be imposed, but, where no actual damages are shown, a fine not exceeding the amount of the injured party's costs and expenses and $250 in addition thereto may be imposed.

3. SAME—ORDER TO SHOW CAUSE—SERVICE.

In a proceeding to punish a judgment debtor for failure to appear for examination in supplementary proceedings, an order to show cause, served on the debtor's attorney, is sufficient to support a conviction of contempt of court.

4. SAME—ORDER MADE AFTER STAY.

An order requiring a judgment debtor to appear in supplementary proceedings was made after an order denying a motion to vacate the judgment, which motion was made on an order to show cause, which provided that all further proceedings on the part of plaintiff be stayed until the further order of the court. Held, that an order adjudging the judgment debtor guilty of contempt for refusal to obey such order was properly made.

Appeal from special term, New York county.

Action by J. Isaacs and others against Mary E. Calder. Judgment for plaintiffs. From an order adjudging defendant guilty of contempt for failure to obey an order in supplementary proceedings, she appealed. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Isaac D. Nichols, for appellant.

Abraham Loeser, for respondents.

PATTERSON, J. This is an appeal from an order adjudging the defendant to be in contempt for failure to appear for examination in supplementary proceedings according to the requirement of an order duly made and served upon her. The notice of appeal is from the order adjudging the defendant to be in contempt, but it also states that the appeal is from "all proceedings had or taken herein, and each and every part of said order and proceeding." Under this clause of the notice the appellant has sought to attack rulings made when the action in which judgment was recovered against her was called for trial, and particularly the ruling of the justice at the trial term refusing to grant a postponement of the trial on her application. The notice of appeal does not specify any particular order, or direction, or ruling objected to or sought to be reviewed, and it seems as if the appellant were under the impression that on the present appeal the whole litigation between the parties to the action may be brought before the court for review. It is unnecessary to make any comment upon such a proposition. There were no intermediate orders made in the course of this special proceeding to be brought up by this notice of appeal.

Upon the merits of the application to punish the defendant for a contempt, there can be no question that she wantonly and perversely disobeyed the order of the court, notwithstanding which she was treated with great leniency in the provisions of the order adjudging her to be in contempt. A fine of $170 was imposed upon her, which is an amount about equivalent to the judgment recovered against her. The order appealed from was made on the 4th of September, 1897, and by one of its provisions she was permitted to purge herself of the contempt, and be relieved from the payment of the fine imposed, if she appeared for examination under the order in supplementary proceedings on the 30th of September, 1897, and paid $20 costs. The amount of the fine imposed was within the limit authorized by law, beyond and irrespective of actual damage resulting from disobedience. Under section 2284 of the Code of Civil Procedure a fine of $250 might have been imposed, and the circumstances of this case would have justified its imposition.

It is claimed, however, that the court was without jurisdiction to make the order of commitment, because the order to show cause why the defendant should not be adjudged in contempt was not served upon her personally. That order was served upon her attorney, who appeared for her in the action, and he also appeared for her upon the

return day of the order to show cause, and was heard upon the motion, and filed an affidavit in opposition thereto; and that was sufficient to give the court jurisdiction. Pitt v. Davison, 37 N. Y. 235; Hart v. Johnson, 43 Hun, 507.

It is further suggested that the order appealed from was improperly made, because of the existence of a stay of proceedings under the judgment upon which the order in supplementary proceedings was founded. It appears that the defendant had made an application to vacate and set aside the judgment. That judgment had been taken virtually by default. The motion to vacate was made upon an order to show cause, which contained the following provision: "In the meantime, and until the further order of this court, let all further proceedings on the part of the plaintiff be stayed." That order is dated April 8, 1897. We find in the record an order made at the special term on May 11, 1897, denying the motion to vacate based upon the order to show cause of April 8, 1897. We are of the opinion that the order below was properly made; that the conduct of the judgment debtor was deliberate, was calculated to, and did actually, impair, impede, and prejudice the right of the plaintiffs.

The order therefore should be affirmed, with $10 costs and disbursements. All concur.