HUCK v. ROCHESTER RY. CO. (Supreme Court, Appellate Division, Fourth Department. July 18, 1899.) Action by Mary A. Huck against the Rochester Railway Company. Motion for a new trial upon exceptions ordered heard in the first instance by the appellate division, after a direction of a verdict in favor of the defendant. Motion denied. Thomas Raines, for plaintiff. Charles J. Bissell, for defendant.

NASH, J. The plaintiff alleges in her complaint that by reason of the negligence of the defendant, while the plaintiff was riding in one of its cars, the car suddenly stopped, and the wires conducting the electricity used for the propulsion of the car, and the guy wires used to keep the trolley wire in proper position, were so disturbed and broken that the plaintiff received a severe electrical shock, and her legs, feet, and back were burned, and the plaintiff was otherwise severely injured. The circumstances of the accident, as stated by the counsel for the plaintiff, are very brief: "Plaintiff took one of the defendant's cars going towards the center of the city on South avenue, opposite Linden street. She sat down nearly in the middle of the car, but nearest to the conductor's door, on the side nearest the roadway, and facing the sidewalk. The railway ran between the curb and the sidewalk. Plaintiff was the only passenger. The car was going fast, and did not slow up before the accident. It was approaching a sharp curve. As it passed the curve at Grand street there came a crash, the car stopped right there, and the lights went out. It seemed all in the same second of time. The car jumped off at the curve, and broke the first guy wire, carrying along with it 30 or 50 feet of the broken guy wire, 20 feet from the first." The plaintiff testified that she received the injuries alleged to have been sustained while seated, and by being thrown from side to side of the car,—caused, as it seemed to her, by the electrical disturbances. The only effect of the breaking of the guy wire was to cause the end of the broken wire to hang over the doorway of the car; the end hanging down part way or touching the ground. The trolley wires did not touch the car, or fall. The car, constructed in the ordinary manner of electric cars used on the street railways, was in perfect condition and order, and uninjured. No proof was offered by the plaintiff as to the way, or in what manner, an electrical current could, under such conditions, have entered the car from the guy or trolley wires. The evidence of electrical experts called by the defendant (Green, Pratt, and Adams) fully explains the impossibility of such an occurrence from such a cause. The testimony of these experts is in accordance with common experience that it is perfectly safe to ride in electric cars on the streets of our cities and towns, and that the electricity for their propulsion cannot enter into the car, to the injury of a passenger, either from the operation of the trolley or from a broken guy wire hanging over outside the end of a car. Plaintiff's exceptions overruled, and motion for a new trial denied, with costs, and judgment ordered for defendant on the verdict, with costs. All concur.

HUDSON PLASTER–BOARD CO., Appellant, v. GILL, Respondent. (Supreme Court, Appellate Division, First Department. June 23, 1899.) Action by the Hudson Plaster-Board Company against Hannah Gill, as executrix. F. M. Avery, for appellant. S. Kohn, for respondent. No opinion. Judgment affirmed, with costs.

HYMAN, Respondent, v. HEARN et al., Appellants. (Supreme Court, Appellate Term. June 28, 1899.) Action by Daniel W. Hyman against George A. Hearn and others. Einstein & Townsend, for appellants. John Delahanty, for respondent.

FREEDMAN, P. J. The issues litigated in this action were purely questions of fact, and were mainly as to whether the goods sold by plaintiff's assignor to the defendants were to be delivered in September or October following such purchase, and whether Daniel W. Hyman had authority to, and did, accept the return thereof. Upon these issues both parties gave conflicting testimony, and the trial court decided in favor of the plaintiff. In arriving at such conclusion the judge does not seem to have been actuated by passion, prejudice, or bias, nor does it appear that injustice has been done. The judgment should, therefore, be affirmed. All concur.

INGERSOLL v. NEW YORK CENT. & H. R. R. CO. (Supreme Court, Appellate Division, Third Department. July 6, 1899.) Action by Mary J. Ingersoll against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs.

ISAACS et al., Respondents, v. CALDER, Appellant. (Supreme Court, Appellate Division, First Department. June 23, 1899.) Action by David J. Isaacs and another against Mary E. Calder. J. D. Nichols, for appellant. A. Loeser, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. See 59 N. Y. Supp. 21.

ISRAEL, Respondent, v. LEVY, Appellant. (Supreme Court, Appellate Division, Second Department. June 27, 1899.) Action by Meyer Israel against Annie Levy. No opinion. Judgment of the municipal court affirmed, with costs.

JACKSON, Respondent, v. KOEHLER, Appellant. (Supreme Court, Appellate Division, First Department. June 16, 1899.) Action by Henry Jackson against Marie Koehler. O. Horwitz, for appellant. E. W. S. Johnston, for respondent. No opinion. Judgment affirmed, with costs.

JOHNSTON, Respondent, v. SPRING, Appellant. (Supreme Court, Appellate Division, Fourth Department. July 18, 1899.) Action by Paul S. Johnston against George H. Spring. No opinion. Judgment and order affirmed, with costs.