## NATIONAL SURETY CO. v. MORAND.

No. 11326—Opinion Filed July 31, 1923.

1. **Sheriffs and Constables—Official Bond —Liability of Surety—Insufficiency of Petition.**

A petition which does not allege negligence of a' sheriff in the taking or approval of a bond to discharge attachment does not state a cause of action against the surety on the official bond of such sheriff.

2. **Attachment — Dissolving Bond — Validity.**

A bond to discharge attachment, duly executed and approved by a sheriff, will be held good as a common law bond, though it is not approved by the court, if it does not contravene public policy or violate the law.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by George M. Morand against National Surety Company, a corporation, as surety on bond of George E. Arnold, sheriff. Judgment for plaintiff, and defendant appeals. Reversed.

N. B. Maxey and W. R. Withington, for plaintiff in error

Cox & Cox, for defendant in error.

Opinion by ESTES, C. In 1916, George M. Morand sued one D. B. Justice in the county court of Lincoln county and caused an attachment to be issued and levied upon the property of Justice. On the second day thereafter, Justice executed a bond to discharge the attachment under the statute, which was approved by the sheriff and the

property released to Justice. The condition of the bond was that the defendant should well and truly discharge and perform the judgment of the court in that action. The bond was for double the amount of plaintiff's claim and was signed by one surety, who duly qualified as such surety.

In 1918, a trial of the cause resulted in a judgment for the plaintiff, without any reference or orders made relative to the attachment or the bond to discharge the same. The plaintiff in that case, Morand, did not cause execution to be issued against the defendant Justice to collect his judgment nor has he ever brought suit upon said bond.

In 1919, Morand, the defendant in error, filed suit in the district court of Lincoln county against National Surety Company, the plaintiff in error, as surety on the official bond of George E. Arnold, the sheriff who approved said bond to discharge said attachment, and which sheriff was then deceased. Morand alleged in his petition that said Arnold was the duly elected, qualified, and acting sheriff of said county and took the said property into his possession under said attachment; that same was of the value of $300; that said sheriff did wrongfully, willfully, and negligently redeliver the said property to the said D. B. Justice: that the plaintiff, Morand, thereafter recovered judgment in the county court against Justice; that the said Justice was execution proof, and that the said judgment was worthless, and that the said judgment would have been satisfied out of said property had the sheriff not wrongfully delivered same back to Justice; and that the said National Surety Company was the surety on the official bond of the said sheriff.

The National Surety Company demurred to said petition and at the trial objected to the introduction of any evidence, and at the conclusion of plaintiff's testimony moved for judgment. The trial court ruled against the surety company on all these matters, and on motion of Morand, directed a verdict in favor of Morand and rendered judgment thereon. To reverse same, the surety company has duly lodged this appeal.

1. Does the petition state a cause of action against the surety on the official bond of the sheriff? A sheriff incurs no liability by releasing the property in such case on a sufficient bond being given, but he is liable if he releases the property on a bond which is invalid on its face. 35 Cyc. 1673. The bond taken by the sheriff in the instant case is regular on its face and the surety justified as contemplated by the statute.

Where, under a statute, the sheriff has the power to decide as to the sufficiency of the bond, he is liable if he willfully or negligently accepts a bond with insufficient sureties. 35 Cyc. 1712; Larney v. The People, 82 Ill. App. 564.

In Burton v. Doyle et al., 65 Okla. 126, 165 Pac. 167, it is said:

"Nor does the plaintiff in this action seek to recover upon any failure or neglect of duty by the defendant Doyle in the taking of said redelivery bond. While it is argued in the brief of plaintiff that said redelivery bond was worthless, yet it is not so alleged in the petition, nor is there any evidence to that effect in the record."

The foregoing is very pertinent when applied to the facts in the instant case. It is well settled that a sheriff is not a guarantor of the sufficiency of the sureties. 35 Cyc. 1713; Edmards-Barnard Co. v. Pflanz, 115 Ky. 393, 73 S. W. 1018. While the petition in the instant case against the surety company states that the said sheriff did wrongfully, willfully, and negligently redeliver the property to the said D. B. Justice, it does not allege any negligence whatsoever on the part of the sheriff in the matter of taking and approving the said dissolving bond.

2. Counsel for Morand claim that said dissolving bond was invalid as to Morand, because same was not approved by the court. Under section 384, Compiled Oklahoma Statutes 1921, such bond may be approved by the sheriff in vacation. The second paragraph of the syllabus in the case of Woodward v. Bingham, 25 Okla. 400, 106 Pac. 843, is:

"A forthcoming bond in attachment running to the officer will be held good as a common-law bond, though it does not conform to the statute, if it does not contravene public policy or violate the law."

See, also, Blanchard v. Anderson, 27 Okla. 732, 113 Pac. 717. If said dissolving bond was executed in vacation, it was good as a statutory bond under section 384, supra. If not in vacation of the court, then the bond to discharge the attachment was good as a common-law undertaking. There is no evidence in the record whatever that the amount of the judgment could not be collected from the surety on the dissolving bond, if not from the defendant himself. While Morand alleged in his petition that Justice was insolvent, there is no evidence to sustain this allegation. Since said dissolving bond was good either as a statutory or as a common-law bond, it seems that the sheriff released said property in due course of law. It would certainly be unjust, if not against public policy, in any event, to permit a judgment creditor to sue on the official bond of a sheriff without first attempting to collect his judgment on the dissolving bond in attachment, which was given for the very purpose of performing the judgment of the court.

It is unnecessary to discuss other contentions made by counsel. For the foregoing reasons, the judgment of the district court of Lincoln county is reversed, with directions to grant a new trial and proceed in conformity with the views herein expressed.

By the Court: It is so ordered.