In Re: Petition of Jacobs.

(68 A2d 710)

May Term, 1949.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and BLACKMER, JJ.

Opinion filed October 4, 1949.

*Lawson & Paterson, Arthur L. Graves* and *Frederick G. Mehlman* for the appellant.

*Abare & Sargent* for the appellee.

CLEARY, J. This cause is here on the exception of J. E. Jacobs of the town of Barre from an order of the Washington County

Court dismissing his petition for the appointment of Commissioners to inquire into the convenience and necessity of a public highway laid out by the Selectmen of the town of Barre and passing through lands owned by Jacobs. On the bringing of the petition citation was issued for notice to A. N. McLeod, one of the Selectmen of the town of Barre. The citation did not summon the town of Barre, but on March 19, 1947, the town of Barre entered a general appearance. On March 31, 1948, A. N. McLeod, Selectman of the town of Barre, entered a special appearance and filed a motion to abate on the ground that the petition failed to summon the other two selectmen. The order dismissing the Petition is dated April 16, 1948, and was filed on May 3, 1948. On April 17, 1948, the attorneys for the town of Barre wrote the Washington County Clerk asking that the town's appearance be withdrawn. At the time the petition was heard the docket entries did not show the general appearance of the town of Barre. Although the same counsel represented both the town of Barre and McLeod neither counsel nor the county clerk informed the court so that the court and counsel for Jacobs first learned of the general appearance by the town after the petition had been dismissed.

■ The laying out of highways by local authorities is governed by Chapter 236 of V. S., Section 5039 of Rev. 1947. That chapter provides for the bringing of a petition such as this in the county court so the court below had jurisdiction of the subject matter and the process. Though the statute, V. S. 5040, Rev. 1947, provides that the petition with citation shall be served on one or more of the selectmen it is obvious that the town is the proper and necessary party and should have been summoned. *Drown et al* v. *Barton et al,* 45 Vt 33, 34. But the general appearance by the town of Barre was a waiver of summons. *Johnson* v. *B. & NA St. Ry. Co.,* 87 Vt 519, 523, 90 A 507. It gave the court jurisdiction of the town as a party. *Blood* v. *Crandall,* 28 Vt 396, 398; *Reynolds* v. *Romano,* 96 Vt 222, 224, 118 A 810; *Howe* v. *Lisbon Savings Bank,* 111 Vt 201, 213, 214, 14 A2d 3. Since, at the time of hearing, the court had jurisdiction of the subject matter, the process and the necessary parties, the motion to abate should have been denied, and we have no doubt that would have been done had the lower court been informed of the true situation.

■ The record does not show that the defendant town's request for withdrawal of appearance was ever brought to the attention of opposing counsel or the court or that any action was ever

taken on the request, so the appearance still stands. *Tripp* v. *Santa Rosa Street Railroad Co.,* 144 US 126, 128, 12 S Ct 655, 36 L ed 371, 372; *Rio Grande Irrigation & Colonization Co.* v. *Gildersleeve,* 174 US 603, 606, 19 S Ct 761, 43 L ed 1103, 1104. Moreover, the defendant town could not waive, to the harm of its adversary, the effect of its general appearance in court. It might waive its privileges but it could not evade its obligations founded on its appearance. That still remained with all the liabilities flowing therefrom. *Garber* v. *Hirsh,* 225 Mass 422, 424, 114 NE 670, 671; *Harvey* v. *Fiduciary Trust Co.,* 299 Mass, 457, 465, 13 NE 2d 299.

The defendant's brief relies on *Chase* v. *Davis,* 7 Vt 476, and *Drown et al* v. *Barton et al,* 45 Vt 33, 34. Both cases are distinguishable from the case at bar. The *Chase* v. *Davis* case was a petition for a new trial. In that case service was by reading and under the statute then in force unless the citation was served by copy the petition could not be sustained. The case of *Drown et al* v. *Barton* was a petition for the laying out of a highway in various towns. The defendant towns moved to dismiss the petition. One of the grounds stated was because there was not a summons attached to the petition by which the defendant towns were called or cited in to answer the petition. In the present case we have pointed out that defendant town waived that defect by entering a general appearance. Town of *Duxbury* v. *Town of Williamstown,* 102 Vt 94, 98, 145 A 872, and cases there cited. *So the judgment order is reversed and the cause remanded.*