73 A.2d 315 (1950)
MacDERMID
v.
MacDERMID.
No. 1766.
Supreme Court of Vermont.
May 2, 1950.
*316 Sterry R. Waterman, St. Johnsbury, for petitioner.
Robert H. Ryan, Montpelier, Hunt & Hunt, Montpelier, for defendant.
Before SHERBURNE, C. J., and JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.
JEFFORDS, Justice.
In March, 1947, the plaintiff brought a petition for support under the statute, V.S. 1947, § 3256. In July of that year, after a hearing, an order was made by the court which provided, inter alia, that certain personal property be delivered forthwith by the defendant to the plaintiff. The order expressly provided that the parties are to be dealt with for contempt upon their failure to comply with any of its provisions.
In June, 1949, the plaintiff brought a petition for contempt to enforce the order, alleging that it had not been complied with and, in effect, praying that the defendant be required to show cause why he should not be dealt with in contempt for his failure to obey the order. We are concerned only with the latter petition.
On July 1, 1949, the defendant filed a plea to the jurisdiction of the court over his person. This plea was signed by the defendant personally in Waterbury, Connecticut. Its grounds are that the petition was never served personally on him in Vermont; that he has no place of abode in this state; that there was no valid service on him in this jurisdiction; that there are not herein any goods, chattels, etc., belonging to him; that he has never accepted service of the petition.
A hearing was had on the plea. Findings of fact were made and the plea was overruled. The case was passed to this Court before final judgment for determination of the exceptions of the defendant.
The findings as far as here material are as follows: The petition is dated June 6, 1949. The officer serving it was directed to summon the defendant to appear before the court, in which the petition for support is pending, on June 20, 1949, by serving a copy of the contempt petition on T. T. Lawson of Barre, as attorney of record in that court for the defendant in the original petition. The service was to be made on or before June 10th. The officer's return *317 shows that it was so served on that day. The petition for support is now pending in court and has been on its active docket since its inception. Lawson represented the defendant in the hearing in 1947, and his name has remained on the active docket of the court. The only service of the petition for contempt was on Lawson. The original order of 1947 was served on the defendant personally in Montpelier by a duly qualified officer on the day that it was made.
The defendant was never personally served with a copy of the contempt petition in this state or elsewhere. He has, and at all material times has had, no place of abode in this state nor has he had here at such times any goods, chattels, etc., belonging to him. He has never accepted service of the petition.
Lawson was fully paid for all services rendered the defendant within a short time after representing him in court in 1947. After the service of the original order on the defendant in 1947, Lawson never notified the attorney for the plaintiff, the county court, or the clerk of that court, that he desired to be permitted to withdraw from the case, or that he was no longer employed by the defendant.
The defendant made several requests for findings which were not granted and his exceptions to these refusals are first to be here considered. These requests need not be stated in full. All of them were to the effect that Lawson had not represented the defendant since he was paid in 1947; that he performed no legal services for the defendant since that time; that at the time of the service of the petition for contempt he was not representing or acting as attorney for the defendant; that Lawson forwarded the papers in the contempt matter to another attorney at the time; that prior to the service of the contempt petition on him Lawson had agreed with one of the attorneys for the defendant that his (Lawson's) name be struck as counsel of record for the defendant in the matter of the petition for support. In short, all of these requests were for findings to the effect that at the time of the service of the contempt petition on Lawson he was not representing the defendant as the latter's attorney in the petition for support.
The essence of the defendant's claim of error in the court's refusal to grant his requests is that they are warranted by the evidence and would show that at the time of the service of the contempt petition on Lawson, and for a considerable time prior thereto, he was in fact no longer representing the defendant in the matter of the original petition. We grant that the evidence warranted the requested findings and that they would show the fact to be as claimed by the defendant.
This fact is to be inferred from certain of the findings above recited and from others which we have not set forth. But these requested findings and those which we have omitted were not material to the determination of any issue in the case. Thus error in refusing to make the findings was harmless. Houghton v. Grimes, 103 Vt. 54, 65, 151 A. 642.
The findings show that Lawson never notified the attorney for the plaintiff, the court, or the clerk of the court, that he desired to withdraw from the original case or that he was no longer employed by the defendant to represent him therein. Consequently at the time of the service of the contempt petition, the plaintiff had the right to consider Lawson as the attorney authorized by the defendant to represent him in the original matter, though as between Lawson and the defendant this authority did not exist in fact. In re Petition of Jacobs, 116 Vt. 11, 68 A.2d 710.
In re O'Brien, 93 Vt. 194, 205, 107 A. 487; Tripp v. Santa Rosa Street R. R. Co., 144 U.S. 126, 12 S.Ct. 655, 36 L.Ed. 371; 7 C.J.S., Attorney and Client, § 110, page 944. See also County Court Rule I.
This being so, the question is whether the service on Lawson was sufficient to give the court jurisdiction of the person of the defendant.
The statute relating to the service of process in cases such as the one here is V.S. 1947, § 1397, which reads as follows: "Contempt. When a party violates an order *318 made against him in a cause brought to or pending before a superior judge the county court or the court of chancery after service of such order upon such party, contempt proceedings may be instituted against him before such court or any superior judge. When, in a cause no longer on the docket of the court, such proceedings are brought before a superior judge, such judge shall order forthwith such cause to be brought forward on the docket of the court and may issue concurrently with such order a summons or capias against such party. The issuing of such summons or capias and any further proceedings thereon shall be minuted on such docket."
The case at hand is one for civil contempt. In re Sage, 115 Vt. 516, 66 A.2d 13. The distinction between proceedings to punish criminal contempts and those for contempts to enforce civil remedies is well defined in Pitt v. Davison, 37 N.Y. 235. It is there shown why personal service must be had on the defendant in the former but not in the latter proceedings. The gist of the reasoning is that in the case of the enforcement of a civil remedy the party in default has already had the opportunity of contesting his liability to perform what the proceeding seeks to compel him to perform, and such proceeding is, in effect, but an execution of the judgment or order against him. In that case the order to show cause was served on the attorney for the defendant in the original action and this service was held to be sufficient.
In the present case the matter of the petition for support was pending in court at the time of the service of the contempt proceeding. It is to be inferred from the findings that the defendant at the time was not in this state. The statute above set forth does not specify in what way the summons shall be served on the defendant. The order on which the contempt proceedings is based was served personally on the defendant in this state. Under such facts and circumstances it is generally, if not universally, held that service of a copy of the contempt proceeding on the attorney of record of the defendant in the case wherein the order was made on which the contempt petition is based is a good and valid service on such named defendant in the contempt proceedings. Pitt v. Davison, supra; Republic Electric Co. v. General Electric Co., 3 Cir., 30 F.2d 99; Eureka Lake & Yuba Canal Co. v. Superior Court of Yuba County, 116 U.S. 410, 6 S.Ct. 429, 29 L.Ed. 671; Palmer v. Palmer, 28 Fla. 295, 9 So. 657, 658; Rochester Lamp Co. v. Brigham, 1 App.Div. 490, 37 N.Y.S. 402; Isaacs v. Calder, 42 App. Div. 152, 59 N.Y. S. 21; Zimmerman v. Zimmerman, Sup., 14 N.Y.S. 444. See also 17 C.J.S., Contempt, § 79, page 101.
Moreover, the defendant signed the plea to the jurisdiction of the court. This shows that he had actual knowledge and notice of the contempt petition and what was set forth in it. For this reason the defendant cannot avail himself of the fact that the process was not served personally on him. Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 52 S.Ct. 238, 76 L.Ed. 389; Republic Electric Co. v. General Electric Co., supra; Teele Soap Mfg. Co. v. Pine Tree Products Co., D.C., 8 F.Supp. 546; People ex rel. Osborne v. County Canvassers, Sup., 20 N.Y.S. 329; Ann. 10 L.R.A.,N. S., 1098, 1101. See also "Contempt" 12 Am.Jur. § 69. The Leman case, supra, is much in point on its facts with the present case. In that case it is stated: [284 U.S. 448, 52 S.Ct. 241]: "While the respondent appeared specially for the purpose of objecting to the jurisdiction of the court, this objection was not upon the ground that the respondent did not have notice, which manifestly it did have, but that it had not been brought into the proceeding by service of process in that proceeding, which in view of its relation to the cause was unnecessary." In the present case the grounds of the plea go to the lack of service and not lack of notice.
The defendant says that knowledge is not the same as legal notice and relies on several of our cases in which that statement is made or effect given to it. In the late case of Town of Brighton v. Town of Charleston, 114 Vt. 316 at page 332, 44 A.2d 628, 637 it is stated: "Knowledge is not the same as legal notice, for to constitute *319 such notice the knowledge must be communicated in the prescribed way." But none of these cases conflict with the position we here take on this point. They all had to do with the service of process which instituted the action in question. In most, if not all, of them the manner of the service was specifically set forth by statute and the statutory requirements were not complied with. In the present case the defendant had been personally served with the order on which the contempt proceeding was based. He knew the contents of the order and whether he had complied with its requirements. No statutory requirement as to service was violated.
Our holdings and statements made so far have been based on the assumption that the contempt proceeding was one taken in the original petition for support. In other words, that the petition last brought was part of, or connected with, the original petition. If this be not so, if one is entirely distinct and independent of the other, then, of course, the cases above cited to the effect that service on Lawson as attorney of record in the original matter was valid service on the defendant in the contempt proceeding are not in point, for it is obvious that service of process on the attorney of record of a person in a suit which has no connection with another action in which he is named defendant cannot be valid service on him in the latter proceedings. Then too, our cases, above referred to, which hold that knowledge is not the same as legal notice would here apply, for if the contempt proceeding is entirely independant of the original one, then it must be instituted by a "legal notice" and as just above stated, service on Lawson as attorney for the defendant in the original matter would not constitute such notice.
The defendant strongly urges that the contempt proceeding is distinct and independent of the original proceeding. In support of his claim he quotes a sentence appearing in the opinion in Ex parte Langdon, 25 Vt. 680, at page 683. This was a proceeding of habeas corpus alleging unlawful imprisonment for contempt in the alleged violation of an injunction order. The sentence in question referred to the contempt proceeding and reads as follows: "But this is a distinct, and independent matter, as much as a new suit, and obviously requires a distinct notice, as much as a new suit." This sentence was referred to with approval in Ward v. Ward, 70 Vt. 430 at page 432, 41 A. 435. If this sentence stood alone, unexplained or unqualified by other statements in the same or other opinions of this Court, we might agree with the defendant that it states the law to be applied to the situation here as claimed by him, but such is not the case. In the same paragraph in the Langdon opinion in which this sentence appears is to be found the following language: "But this proceeding, in terms is an adjudication of the relator being guilty of the contempt, and that process issue for his arrest and commitment, or punishment. If the party is out of the jurisdiction, process may be left at his usual abode, or with his solicitor. But here, nothing of the kind is attempted." It is clear that the word "process" used in the second of the above quoted sentences refers to the process by which the contempt proceeding is instituted, as there would be no reason for the leaving of process issued for his arrest at his usual abode or with the solicitor of the defendant for the purpose of giving him notice of the contempt proceedings which the opinion holds he was entitled to receive. The text of the opinion, taken as a whole, makes this conclusion inescapable.
Andrew v. Andrew, 62 Vt. 495, 20 A. 817, had to do with a petition for contempt for the nonpayment of alimony. The question there was whether the County Court was authorized to enforce the payment of permanent alimony by proceedings for contempt. In holding there was such authority this Court in the course of its opinion 69 Vt. at page 502, 20 A. at page 820 said: "A petition of this character should be brought as a proceeding in the suit in which the divorce was granted, and at the term to which it is returnable the original cause should be brought forward upon the docket, if it has not been kept there. In this case, the main cause should now be *320 brought forward, and this petition be treated as an application in the same suit." The opinion in that case was handed down less than nine years before the one in the Ward case, supra. Of the seven members of the Court at that time, five were the same in each case. It is not reasonable to suppose that when the quoted sentence from the Langdon case was cited with approval in the Ward case that all of these five failed to remember the passage just above quoted from the Andrew case. It is reasonable to believe that they did have it in mind and were of the opinion that the two statements were not conflicting and did not need to be explained or distinguished. The soundness of this conclusion is demonstrated by showing an important distinction between the Langdon and Ward cases and the Andrew case. In the first two it was held that a defendant in a petition for constructive contempt cannot be adjudged in contempt and punished, without an order to show cause and an opportunity to be heard. In the Langdon case the point was stressed that notice of the contempt proceeding must be given in order for an adjudication to be made. In the Andrew case there was no question of the lack of proper notice and opportunity to be heard.
To return to the Langdon case to ascertain further whether our holdings here made conflict with what is therein stated. The opinion in that case was written by Chief Judge Isaac Redfield who was not given to the making of loose or contradictory statements. In one sentence he says, in effect, that if a defendant in a contempt proceeding is out of the jurisdiction, valid service of the process may be had by leaving it with his attorney in the case out of which the contempt matter originated. In another sentence he says, in effect, that the contempt proceeding is a distinct and independent matter, as much as a new suit and requires a distinct notice, as much as a new suit. If he used the words "distinct and independent matter" in the sense and meaning claimed by the defendant it is obvious, for reasons heretofore given, that he could not have been correct in his statement as to valid service. He was concerned with a case of constructive contempt in which no notice had been given the defendant. The opinion, taken as a whole, shows that he was merely stating the well recognized rule that in such cases the defendant is entitled to a notice of the contempt proceedings separate and distinct from any warning he may have had from the original order that such proceedings might be had. He does not say that the contempt proceeding is a new suit but he merely likens it to a new suit with the attendant requirement of a distinct notice. The two statements are not inconsistent and the case supports the ruling of the lower court on the defendant's plea.
In addition to the Andrew case from our Court the following cases from other jurisdictions hold that a contempt proceeding, such as the one here, is taken in the original action: Pitt v. Davison, supra; Leman v. Krentler-Arnold Hinge Last Co., supra. The only case cited by the defendant, and the only one which we have found, holding to the contrary is Weeks v. Coe, 111 App. Div. 337, 97 N.Y.S. 704.
The judgment overruling the defendant's plea to the jurisdiction of the court over his person is affirmed and the cause is remanded.