JOHN COVRIG, APPELLANT, *v.*
MARIE POWERS, RESPONDENT.

No. 4051

December 3, 1958.                    332 P.2d 650.

*Bonner & Rittenhouse,* of Las Vegas, for Appellant.

*Toy R. Gregory,* of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Judgment in the lower court was entered in favor of respondent against appellant on appellant's bond for

release of attachment in an action filed by respondent against Ruth J. Rains. Execution was issued upon such judgment against the property of appellant. Thereafter appellant moved to quash the writ upon the ground that the judgment had been satisfied, and the following month moved, under Rule 60 NRCP, for an order for the relief of respondent from the judgment upon the ground that there was no consideration for the execution of the undertaking for release of attachment; and that it is void in that its terms and conditions are not in accordance with statute.

The complaint in the original action of *Powers v. Rains* alleged that Powers had paid Rains $3,000 for the purchase of certain corporate stock, which Rains had thereafter failed and refused to deliver. Judgment was entered in such action in favor of plaintiff for $4,687.50 with interest and costs. The judgment further provided that, upon the delivery forthwith of the stock referred to, $3,000 be credited upon the judgment. In such original action a writ of attachment was issued and delivered to the sheriff with instructions to levy upon a certain Cadillac automobile. Thereupon Rains, as principal, and appellant and another as sureties executed an instrument entitled "Undertaking for Return of Property to Defendants," reciting the condition thereof as follows: "The condition of this bond is such that whereas the sheriff has levied writ of attachment on a 1956 Cadillac belonging to defendants * * * and whereas defendants require the return of the 1956 Cadillac so attached and request that further attachments in the premises cease and discontinue said attachment proceedings in accordance with the statute made and provided, now therefore, * * *."

The judgment against Rains was partly satisfied by the execution sale of the Cadillac, and Powers thereupon commenced the action for recovery of the remainder upon Covrig's bond. The complaint alleged the issuance of the writ of attachment in the first action, the execution and delivery of the undertaking "to procure a return of the property so attached to said defendants and to prevent further attachments in said action," and that

upon the delivery of such undertaking "the said attachment was discharged and the property was released." These allegations were not denied. Thereafter judgment was entered in favor of Powers against Covrig for $3,819.96, which was the balance remaining due after crediting proceeds of execution sale of the Cadillac. In the action against Covrig on the bond, and particularly in the proceedings under the motion for relief from the judgment and to quash the execution, the court found and concluded that the tender of the stock "was ineffectual for the reason that such tender was not made 'forthwith' as required by the judgment entered" in favor of Powers against Rains, and "for the further reason that at the time of said tender a writ of execution in subject action had been issued to and was in the hands of the sheriff." As noted, the motion to quash the execution and the motion for relief from the judgment under Rule 60 NRCP were both ordered denied and the present appeal is from such orders.

In addition to assigning as error the denial of the said motions, appellant assigns as error rulings of the court in sustaining objections to Covrig's offer of evidence to the effect that in the asserted levy of attachment against the Cadillac in the action of *Powers v. Rains* the sheriff had never taken the automobile into his possession. As noted, no appeal was taken from the judgment in *Powers v. Rains* nor from the judgment in *Powers v. Covrig,* and no denial had been made of the allegations of the complaint alleging the levy and alleging the release of the car in consideration of the execution of the bond. Despite these facts we pass without consideration or determination the propriety of proceedings for relief from the judgment under the provisions of Rule 60 NRCP, and turn to the question most seriously presented in the briefs, namely, the contention of appellant that the bond for release of attachment was invalid because no valid attachment was pending and therefore was executed without consideration, and that it was entirely void "in that the terms and conditions of same are not in accordance with Nevada statutes; that the

procedure required by the statutes was not complied with."

Appellant first refers to the sheriff's return of attachment in the first action in which he certifies "that I received the annexed writ of attachment on the 14th day of September, 1956; that I levied a copy of said writ upon the following described automobile by serving said writ upon Ruth J. Rains on the 18th day of September, 1956: * * *."

Appellant's contention as to the invalidity of the bond derives from his insistence that a bond for release of the attachment depends for its validity upon the provisions of NRS 31.180 providing that the defendant, after appearance, may apply to the court on notice for a discharge of the attachment upon the execution and filing of an undertaking—the amount of such undertaking, under NRS 31.190, varying with the condition as to whether the attached property sought to be released shall equal or exceed the amount claimed by plaintiff or whether it is less than the amount claimed by plaintiff. Appellant also refers to NRS 31.200 under which application may be made to the court for a discharge of the attachment on the ground (a) that it was improperly issued, (b) that the property levied upon is exempt from execution or (c) that the levy is excessive.

Respondent insists that the situation is not governed by those sections but is governed by the provisions of NRS 31.040 which provides that the writ of attachment require the sheriff to attach and keep the property of the defendant not exempt from execution, or so much as may be sufficient to satisfy plaintiff's demand "unless the defendant give him security by the undertaking at least of two sufficient sureties in an amount sufficient to satisfy such demand, besides costs, * * * in which case to take such undertaking."

The undertaking hereinabove quoted in part is unskillfully and inartistically drawn, but it is clear enough that it was executed both to secure the release of the automobile and to secure the defendant against further levies.

Appellant, in asserting that there had been no levy of the writ upon the car and therefore no consideration for the undertaking for its release, frankly concedes the general rule that a surety on such bond may not question the recitals in the bond. He insists, however, that there are several well recognized exceptions to such general rule; that where there is no statutory jurisdiction to accept the bond it is absolutely void; that such is the case here.

We find it unnecessary to go through the ramifications of appellant's argument in this regard dealing, as it does, entirely with the requirements of NRS secs. 31.180 to 31.220, as the bond must be treated as one executed under the provisions of sec. 31.040. Nor do we deem it necessary to deal at length with the asserted failure of consideration on the ground that under the return it appeared that the sheriff had not taken the automobile into his possession. Certainly the bond against further levies of the writ furnished a valid consideration and was in any event a valid common law bond in consideration of which the sheriff not only desisted from further levy of the writ on other property but from a further levy against the car itself.

In Lightle v. Berning, 15 Nev. 389, the bond read simply, "We, the undersigned, agree to pay to P. H. Roan, sheriff of said county, * * * $582.62 to satisfy any judgment not exceeding that amount, in the case now pending of Peter Lightle v. C. E. Smith." Defense against the action relied as here on lack of consideration for the bond and the contention that it was not a statutory undertaking. The court said: "The paper sued on is not a statutory undertaking for the release of attached property, but it is a valid common law obligation for the payment of money. 'A bond taken by the sheriff is not void for want of conformity to the requirements of the statute, which, while prescribing one form of action, does not prohibit others; and a bond given voluntarily upon the delivery of property, is valid at common law.'" (Citing authorities.) To like effect are Woodward v.

Bingham, 25 Okl. 400, 106 P. 843; National Surety Co. v. Morand, 92 Okl. 60, 217 P. 870; and Bailey v. Aetna Indemnity Co., 5 Cal.App. 740, 91 P. 416.

With reference to appellant's contention that the irregularity of the levy destroyed the consideration for the execution of the bond, we think the case is controlled by Bowers v. Beck, 2 Nev. 139 (republication 1–2 Nev. 658) in which this court refused to follow a contrary rule expressed in some of the cases, and said: "* * * the true rule is, that when such a bond as the one under consideration is given, you cannot go back to inquire as to whether the attachment was regular or irregular. The only questions are, was the property released, and has a breach of the bond been shown." The court further said: "There was no condition in the bond that they would pay provided the *attachment was held good* and a judgment rendered, but simply on condition that the judgment was rendered."

Citing Bowers v. Beck, supra, the Supreme Court of Montana in Dackich v. Barich, 37 Mont. 490, 97 P. 931, 935, said: "The proposition contended for by the respondent is that, having recited in their undertaking that a levy was made, and having thus induced the plaintiff to approve and accept that undertaking, defendants cannot now be heard to say for the first time that no levy was made. We think this position is well taken. Parrott v. Kane, 14 Mont. 23, 35 P. 243; Johnston v. Oliver, 51 Ohio St. 6, 36 N.E. 458; Pierce v. Whiting, 63 Cal. 538; Bowers v. Beck, 2 Nev. 139." See also Anno. 89 A.L.R. 266.

Appellant insists, however, that the later Nevada case of Laveaga v. Wise, 13 Nev. 296, either overrules or presents an exception to the rule stated in Bowers v. Beck. An analysis of the Laveaga case, however, shows that it accepts as law the test stated in Bowers v. Beck and enlarges the language of that test to include a situation where the sureties execute a bond to prevent a levy. In such case the liability does not attach if the property has already been levied upon at the time of the execution

of the bond. Under the facts of the case the court properly held against liability of the sureties, who had bound themselves to prevent a levy, and not for the release of property already levied upon, of which situation they had no knowledge. The bond in the instant case was both for the release of attached property and for the prevention of a further levy.

With reference to appellant's contention that the court erred in refusing to credit against the judgment the sum of $3,000 for the stock tendered to respondent's attorney, we are disposed to accept as reasonable the court's construction of the language used in the judgment, to wit, that the tender of the stock some 46 days after the entry of the judgment and 25 days after the issuance of execution was not a compliance with the court's order that it be delivered forthwith in order to entitle the judgment debtor to the credit.

Other points discussed by appellant are not considered pertinent to a determination of the appeal. Judgment affirmed with costs.

EATHER and MERRILL, JJ., concur.