## Marie M. Bessette v. Peter J. Bessette

[401 A.2d 911]

No. 6-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed May 2, 1979

*Arthur A. Heald,* St. Albans, for Plaintiff.

*Peter J. R. Martin,* St. Albans, for Defendant.

Hill, J. The plaintiff-appellant secured an uncontested divorce from the defendant-appellee in 1971. Under that order, which conformed to the parties' stipulation, she obtained custody of their minor child. The appellee was ordered to pay $30.00 per week in child support and was granted reasonable

rights of visitation. This order was modified by stipulation in 1972.

In 1976 the defendant made an application for process in contempt and for a further order of modification. As a result of this application, the parties entered into a second stipulation, and a modification order based thereon issued on October 16, 1976. By its terms the defendant was to "pay the amount he is in arrears to the Plaintiff . . . for support of the minor child of the parties upon the compliance of the terms hereof." The defendant's visitation rights were modified somewhat, and he was granted the right to talk with his child weekly by telephone. The order also conditioned his future support obligations on the plaintiff complying with the defendant's communication and visitation rights.

In September of 1977 the defendant made the application for process in contempt that is involved here. He alleged that the plaintiff had failed to comply with the modification order of October 16, 1976. He admitted that no child support payments had been made to the plaintiff but stated that an equivalent sum was deposited in a savings account for his son's benefit. The defendant represented to the court he was ready to pay these funds out as directed.

The superior court found the plaintiff in contempt of court for "persistent and unjustified refusals to permit [the defendant] to exercise his visitation rights with his son." The court ruled that in view of the child's best interests no punishment would be imposed. The court held, however, *inter alia,* that the plaintiff "waived any right to past due support payments as the result of her behavior, and that [the defendant was] entitled to apply any escrowed amounts to his accrued legal and transportation costs." The plaintiff appeals from this order.

■ The plaintiff directs our attention to 12 V.S.A. § 122 and claims (1) that because the lower court failed to order the cause brought forward on the docket and (2) as the order of October 16 was not served on her, the cause was not properly before that court. 12 V.S.A. § 122 reads as follows:

> When a party violates an order made against him in a cause brought to or pending before a superior judge or

a county court or the district court after service of the order upon that party, contempt proceedings may be instituted against him before the court or any superior judge. When, in a cause no longer on the docket of the court, the proceedings are brought before a superior judge, that judge shall order forthwith the cause to be brought forward on the docket of the court . . . .

A review of the record indicates that the petition in contempt was accompanied by a show cause order made returnable to the court or a superior judge. The court heard the petition. It is true that the cause was no longer on the docket of the court. However, the statute by its terms does not require that the cause be brought forward when heard by the court. It would have been necessary only if the cause had been tried to a superior judge.

■ As to the claim that the plaintiff was not served with the order of October 16, 1976, a review of the record indicates that it was served upon her in Arizona by a registered process server who left the order at her "usual place of abode" with her new husband, "a person of suitable age and discretion residing therein." This is sufficient service under the statute. See *Macdermid* v. *Macdermid*, 116 Vt. 237, 241, 73 A.2d 315, 318 (1950). Cf. V.R.C.P. 5(b) (service of pleadings and other papers under the civil rules).

The plaintiff next argues that the lower court's decision to waive all past due support is founded on the plaintiff's conduct prior to the order of October 16, 1976. She contends that the court erred in considering that conduct because the prior order is conclusive against a subsequent suit on the same cause of action not only as to matters actually tried, but as to all matters which could have been litigated in the former action. We reject the effort to interpose the prior decree as a bar to the trial court's action in the instant case.

■ We agree in principle with the plaintiff. Where a prior order of this type is at last settled it concludes the parties not only upon all issues actually tried; it concludes them upon all issues that might have been tried. *Loeb* v. *Loeb*, 120 Vt. 489, 497, 144 A.2d 825, 830 (1958). The order of October 16, 1976, however, was conditioned on her compli-

ance. "The party who claims the benefit of a judgment rendered in his favor must comply with any terms or conditions which it may impose on him, and failure to do so will destroy the effect of the adjudication." 49 C.J.S. *Judgments* § 447. See *Covrig* v. *Powers*, 74 Nev. 348, 332 P.2d 650 (1958). This is most reasonable where the judgment interposed as a bar is based upon a stipulation of the parties. By her stipulation the plaintiff represented to the court that issued the October 16 order a willingness to abide by its terms. Her unjustified noncompliance—as found by the court below and now unchallenged—prevents her from asserting it as a bar.

*Affirmed.*